UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WHITMAN & COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:14-cv-12047-ADB |
| ) | |
| LONGVIEW PARTNERS (GUERNSEY) ) | |
| LIMITED, LONGVIEW PARTNERS LLP, and ) | |
| LONGVIEW PARTNERS (UK) LIMITED, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S PARTIAL OBJECTION TO REPORT AND RECOMMENDATION**

Plaintiff, Whitman & Company, Inc. ("Whitman"), respectfully submits this Partial Objection to the Court's June 16, 2015 Report and Recommendation (the "Report") on Defendants' Longview Partners (Guernsey) Limited ("Longview Guernsey"), Longview Partners LLP ("Longview") and Longview Partners (UK) Limited ("Longview UK") (collectively "Defendants") Motions to Dismiss. Whitman objects only to that portion of the Report which concludes that the business brokers' statute of frauds, Mass. Gen. Laws ch. 259 § 7, bars the unjust enrichment claims against Longview and Longview UK. *See* Report at 7-10.

The Report correctly notes that the purpose of ch. 259 § 7 is "to discourage claims for commission based on a conversation which persons heard differently or remembered differently." Report at 8. Indeed, the Defendants did not dispute this point in their motions. *See* Dkt. No. 19 at 9-13, Dkt. No. 33 at 2-4; *see also Pappas Indus. Parks, Inc. v. Psarros*, 24 Mass. App. Ct. 596, 598 (1987) (It is well-established that the purpose of Section 7 is "to suppress fraud, *i.e.*, cooked up claims of agreement, sometimes fathered by wish, sometimes imagined in the light of subsequent events, and sometimes simply conjured up"). Nor is there any dispute

that the Agreement here is in writing and signed by one of the Defendants. And, because the Agreement is in writing, the risk of a fraudulent or fabricated contract claim of the sort the statute was enacted to avoid does not exist. Accordingly, any contract claims under that Agreement, or any related quasi-contract claims, should fall outside of the scope of Section 7. In short, because there is a written agreement in place, there is compliance with the statute of frauds. *Cf.* Report at 8 ("failure to comply with the statute of frauds bars not only contract claims but also any claims based on a contract implied in law . . . .").

### A. The Text of the Statute Supports Whitman.

While the Report acknowledges the undisputed purpose of Section 7, it reaches a different conclusion regarding its applicability to the unjust enrichment claims—despite the fact that the Agreement between the parties is in place. In doing so, the Report concludes that the plain language of the statute bars Whitman's unjust enrichment (among other) claims against the Defendants. *See* Report at 9.[1] However, Whitman submits that the language of the statute supports Whitman's argument and does not support dismissal of the unjust enrichment claims.

The first sentence of ch. 259 § 7 makes any contract claim under a finder agreement unenforceable unless it is in writing and signed by the defendant(s). The third sentence of the statute applies this "lack of written agreement" rule to quasi contract claims for the same finder compensation. *See* ch. 259 § 7, 3rd sentence ("The provisions of this section [*i.e.*, the first sentence] shall apply to a contract implied in fact or in law to pay reasonable compensation . . . ."). Thus, this third sentence would only apply in the instance where there is no written agreement and the plaintiff is seeking recovery under an alternative theory. Otherwise the third sentence would be superfluous, as there would never a be a "contract implied in fact or in law" that is signed by the defendant. That is precisely the situation here.

---

[1] The Court block quoted the relevant first and third sentences of the statute in the Report. Report at 8.

B.     *Licensed 2 Thrill* **is Directly on Point.**

Next, the Report concludes that the main case Whitman relies on, *Licensed 2 Thrill, LLC v. Rakuten, Inc.*, C.A. No. 13-11257-DJC, 2014 WL 4656588  (D. Mass. Sept. 15, 2014), is inapposite.  *See* Report at 9-10.  Whitman respectfully submits that *Licensed 2 Thrill* is not that easily dismissed.

Like here, the plaintiff in *Licensed 2 Thrill* brought several claims against three affiliated defendants, including breach of the Referral Partner Program Agreement (RPP Agreement) signed by only one of the defendants (FreeCause).  As here, the plaintiff asserted unjust enrichment (among other) claims against the two other affiliated defendants, Rakuten USA and Rakuten, Inc.—neither of whom were parties to the RPP Agreement.  Like here, each of the plaintiff's claims—including the contract claim against FreeCause—derived from the RPP Agreement, which was a finder and commission agreement very similar to the Agreement between Whitman and Longview Guernsey.  *Licensed 2 Thrill,* 2014 WL 4656588 at *1.

Both FreeCause and Rakuten USA moved to dismiss all counts of the complaint under ch. 259 § 7.[2]  FreeCause sought dismissal of the contract count on the grounds that plaintiff was suing not on the RPP Agreement itself, but rather on an oral modification of it.  *Id*. at *3.  In addition, like Longview and Longview UK, defendant Rakuten USA argued that the unjust enrichment claim should be dismissed on ch. 259 § 7 grounds because the statute of frauds bars "quasi contractual" claims as well.  *Id*.; *see also Id*., Dkt. No. 20 at 8-9, 11 ("the policy aims of [ch. 259 § 7] also support dismissal of the claims for fraud, unjust enrichment, quantum meruit and violation of Chapter 93A").  As Rakuten USA argued in its briefing, "[t]o the extent Plaintiff is seeking to enforce an unwritten promise to pay commissions for finder services, Plaintiff's

---

[2] Rakuten, Inc., the Japanese affiliate, did not move as it had not been served with the Amended Complaint.  *Id*. at *2; *Id*. Dkt No. 20 at 3 & n.2.

claim . . . for unjust enrichment (Claim VIII) . . . should therefore be dismissed"). *Id.*, Dkt. No. 20 at 11.

Judge Casper denied the defendants' motion to dismiss the contract and unjust enrichment claims, among others, on statute of frauds grounds. First, she held that, contrary to defendants' arguments, plaintiff had indeed sued FreeCause "on the written contract," *i.e.*, the RPP Agreement, so the statute of frauds did not apply. *Id*. at *3. As to the unjust enrichment (and other claims that arose out of the RPP Agreement), Judge Casper similarly denied them for the same reason. *Id*. at *4. As Judge Casper stated:

> To the extent Defendants move to dismiss the fraud, c.93A, unjust enrichment, *quantum meruit*, and breach of the covenant of good faith and fair dealing on the grounds that 'plaintiff is seeking to enforce an unwritten promise to pay commissions for finders services' D[kt. No]. 20 at 11, the Court DENIES such motion for the same reasons discussed above.

*Id*. And, those "reasons discussed above" were that plaintiff *had* sued on a written agreement between it and one of the defendants (FreeCause) and the statute of frauds defense therefore failed.[3]

To be sure, neither the parties (in their briefing) in *Licensed 2 Thrill* nor Judge Casper framed the issue as precisely as the Report does here: "the statute of frauds does not bar a finder's claim for compensation against defendants with whom the finder has no written agreement as long as some affiliate of those parties has a written agreement with the finder." Report at 10. But using different words, that is exactly the result Judge Casper reached in *Licensed 2 Thrill*. Judge Casper held that because plaintiff sued on the written agreement

---

[3] The Longview Defendants argued in their briefing that Judge Casper ruled this way in *Licensed 2 Thrill* not because the written agreement with FreeCause removed the risk of any "conjured up" quasi contract claims related to the agreement, but because they "presumed" that Rakuten USA must have "succeeded" to FreeCause's obligations under the agreement after it became FreeCause's parent company. *See* Dkt. No. 33 at 2. However, nothing in Judge Casper's decision (or in the *Licensed 2 Thrill* parties' briefing or the Amended Complaint) in any way suggests that Rakuten USA became a party to the agreement, by operation of law or otherwise. Indeed, the Report evidently, and correctly, declined to adopt this presumption as well.

between it and FreeCause, ch. 259 § 7 did not bar either the contract claim against FreeCause or the related unjust enrichment claim arising out of that agreement against Rakuten USA, even though Rakuten USA was not a party to the agreement.[4]  Whitman therefore respectfully submits that, contrary to the Report's assessment, *Licensed 2 Thrill* exactly on all fours with the issue here, was correctly decided and should be followed to uphold Whitman's unjust enrichment claims.[5]

      C.    **The Defendants' Cited Authority is Not Directly On Point, And is Distinguishable From This Case And *Licensed 2 Thrill*.**

Finally, the Report did not address an additional related point in Whitman's underlying briefing.  Specifically, that none of the Longview Defendants' cases supporting dismissal under ch. 259 § 7 were on point.  Indeed, *each* of the Defendants' cases has a key distinguishing fact from those here:  In each case, there was no written agreement signed by any defendant and the plaintiffs attempted to assert either oral contract or related quasi contractual claims—the very sort of claims and scenario addressed in the third sentence of the statute.  The courts in each of those cases therefore correctly applied the statute of frauds to bar those claims.  *See State Tax Auditing & Research, Inc. v. Waters Corp.*, No. 98-2594-B, 2000 WL 782948 (Mass. Super. Apr. 5, 2000) (unlike here, there was *no written* contract to pay finder's fees and therefore ch. 259 § 7 did bar the breach of contract claims and the "implied contract" claims of unjust enrichment and

---

[4] Moreover, as noted above, the result in *Licensed 2 Thrill* is consistent with the language of ch. 259 § 7. *Cf.* Report at 9 (concluding that Whitman's unjust enrichment claim is barred by the plain language of the statute). Because there was signed agreement with FreeCause, the first sentence of the statute was satisfied and the third sentence was not triggered.

[5] While the defendants in *Licensed 2 Thrill* and the Defendants here are affiliates of one another, Whitman does not believe that its argument would only apply to claims against affiliated defendants (where only one affiliate is a party to the agreement in question). *See* Report at 10 (" . . . as long as some affiliate of those parties has a written agreement with the finder").  There may well be cases where one defendant is the signatory to the contract but another defendant, who is not legally an affiliate, has sufficient involvement in the transaction to be unjustly enriched or to have engaged in some other wrong arising out of the agreement.

quantum meruit); *FranCounsel Grp. v. Dessange Int'l SA*, 980 F. Supp. 2d. 1 (D. Mass. 2013) (dismissing the unjust enrichment claim under ch. 259 § 7 because, unlike here, there was *no written* agreement alleged in the complaint); *Cantell v. Hill Holliday Connors Cosmopulos, Inc.*, 55 Mass. App. Ct. 550 (2002) (same); *Adelson v. Hananel*, 1:04-cv-10357, 2009 WL 5905389 (D. Mass. Feb. 24, 2009) (same); *Michael A. Mentuck & Assocs., Inc. v. Lloyds Underwriting Syndicate No. 1209*, 11-cv-10118-GAO, 2013 WL 783050 (D. Mass. Feb. 28, 2013) (same); *Corporate Dev. Assocs., Inc. v. Staples, Inc.*, MICV201100958F, 2013 WL 597488 (Mass. Super. Jan. 31, 2013) (dismissing the 93A claim—as well as unjust enrichment and quantum meruit that were derivative of the contract claim—on statute of frauds grounds because there was never any signed agreement).

Out of an abundance of caution, Whitman has now reviewed each reported decision it could locate where a party argued that ch. 259 § 7 barred contract or quasi contract claims. Aside from *Licensed 2 Thrill,* Whitman did not find any case where a defendant moved to dismiss a related quasi contract claim where there was also a written agreement asserted. Nor did Whitman find any case where a court dismissed an unjust enrichment (or other quasi contract claim) under ch. 259 § 7 and *also* found that a related written agreement was alleged in the complaint—as the Report recommends here.

In short, Whitman submits that the only case that is directly on point is *Licensed 2 Thrill.* Just as in *Licensed 2 Thrill,* because the Agreement here is signed and its terms are undisputed, and because the risk of a "conjured up" related unjust enrichment claim therefore is not present, Whitman's quasi contract unjust enrichment claims against Longview UK and Longview should not be dismissed.

Dated:  June 30, 2015

Respectfully submitted,

/s/ *Anne V. Dunne*
William L. Prickett (BBO# 555341)
Anne V. Dunne (BBO# 681893)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210-2028
Telephone:     (617) 946-4800
Facsimile:      (617) 946-4801

Counsel for Plaintiff Whitman & Company, Inc.

## CERTIFICATE OF SERVICE

I, Anne V. Dunne, hereby certify that the above document was served upon the following counsel electronically, by ECF, this 30th day of June, 2015:

Patrick J. O'Toole, Jr., Esq.
Weil, Gotshal & Manges LLP
100 Federal Street
Boston, MA 02110

/s/ *Anne V. Dunne*
Anne V. Dunne

20228906v.1