UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WHITMAN & COMPANY, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civ. No. 14-cv-12047-ADB |
| | * | |
| LONGVIEW PARTNERS (GUERNSEY) | * | |
| LIMITED, LONGVIEW PARTNERS LLP, and | * | |
| LONGVIEW PARTNERS (UK) LIMITED, | * | |
| | * | |
| Defendants. | * | |

**ORDER**

July 20, 2015

BURROUGHS, D.J.

**I.      Background**

In its Amended Complaint [Dkt. 16], Plaintiff Whitman & Company, Inc. ("Whitman") seeks to recover amounts allegedly due under an Exclusive Agency Agreement (the "Agreement"). Whitman asserts a total of ten counts against various combinations of three Defendants: Counts I through VII for breach of contract against Longview Partners (Guernsey) ("Longview Guernsey"); Count VIII for unjust enrichment against Longview Partners LLP ("Longview") and Longview Partners (UK) Limited ("Longview UK"); Count IX for violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 11 ("Chapter 93A") against all three Defendants; and Count X for civil conspiracy against all three Defendants. Longview and Longview UK moved to dismiss all three claims asserted against them: Count VIII for unjust enrichment, Count IX for Chapter 93A, and Count X for civil conspiracy. [Dkt. 18.] Longview Guernsey moved to dismiss Counts IX and X. [Dkt. 20.]

On June 16, 2015, following a hearing conducted on June 12, 2015, Magistrate Judge Jennifer Boal issued a "Report and Recommendation on Defendants' Motions to Dismiss" [Dkt. 39] ("Report and Recommendation"), in which she recommended granting both motions to dismiss.[1] This would result in the dismissal of Counts VIII through X of the Amended Complaint, and the dismissal of Longview and Longview UK from this action, as no claims would remain against them. Only Counts I through VII for breach of contract against Longview Guernsey would go forward.

On June 30, 2015, Whitman filed a "Partial Objection to Report and Recommendation" [Dkt. 42] ("Partial Objection"), objecting only to that portion of the Report and Recommendation that recommended dismissing Count VIII for unjust enrichment, based on Magistrate Judge Boal's conclusion that the Massachusetts statute of frauds, Mass. Gen. Laws ch. 259, § 7 ("§ 7"), bars that claim against Longview and Longview UK. See Report and Recommendation, Part III-B, at 7-10. On July 14, 2015, the Defendants filed a "Joint Response to Plaintiff's Partial Objection to Report and Recommendation" [Dkt. 44] ("Joint Response"), urging the Court to adopt the Report and Recommendation in its entirety. The Court must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); see also Fed. R. Civ. P. 72(b). For the reasons explained in this Order, the Court holds that the unjust enrichment claim against Longview and Longview UK is barred by § 7. The Court therefore adopts the Report and Recommendation in full.

---

[1] This action was originally assigned to United States District Judge George O'Toole, who referred the motions to dismiss to Magistrate Judge Boal for a Report and Recommendation. [Dkt. 35.] The case was then reassigned to the undersigned on February 11, 2015, as part of a random reassignment of pending cases. [Dkt. 36.]

**II.     Discussion**

The only parties to the Agreement at issue are Whitman and Longview Guernsey. Neither Longview nor Longview UK were signatories to the Agreement; the Amended Complaint asserts the breach of contract counts only against Longview Guernsey; and there is no allegation that any other written agreement exists between Whitman, on the one hand, and either Longview or Longview UK, on the other hand. In her Report and Recommendation, Magistrate Judge Boal determined that because Longview and Longview UK are not parties to the Agreement, Whitman is barred from recovering against them for unjust enrichment under § 7, the provision of the Massachusetts statute of frauds that applies to agreements for services as a broker or finder. Whitman raises two objections to the Report and Recommendation, which the Court now addresses in turn.

First, Whitman argues that the text of § 7 supports its unjust enrichment claim against Longview and Longview UK. This provision of the Massachusetts statute of frauds provides:

> <u>Any agreement to pay compensation for service as a broker or finder . . . shall be void and unenforceable unless such agreement is in writing, signed by the party to be charged therewith, or by some other person authorized.</u> For the purpose of this section, the term "negotiating" shall include identifying prospective parties, providing information concerning prospective parties, procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. <u>The provisions of this section shall apply to a contract implied in fact or in law to pay reasonable compensation</u> but shall not apply to a contract to pay compensation for professional services of an attorney-at-law or a licensed real estate broker or real estate salesman acting in their professional capacity.

G.L. c. 259, § 7 (emphasis added). Magistrate Judge Boal concluded, based on the requirement that a contract for service as a broker or finder be "in writing, signed by the party charged therewith, or by some other person authorized," that the plain language of § 7 bars Whitman's unjust enrichment claim against Longview and Longview UK. [Dkt. 39, at 9.] The Court agrees that the unjust enrichment claim against these two Defendants is barred.

3

Magistrate Judge Boal observed, and Whitman does not dispute in its Partial Objection, that "Whitman does not allege that it had a written contract with Longview or Longview UK or that they were a party to the Agreement. Whitman also does not allege that Longview Guernsey was authorized to bind Longview or Longview UK." [Id.] Magistrate Boal additionally found, and Whitman does not dispute, that on the facts alleged in the Amended Complaint, Whitman was a "finder" within the meaning of § 7. [Id. at 9 n.4.] Thus, the first sentence of § 7 bars Whitman from recovering against Longview or Longview UK for breach of the Agreement. The Court rejects Whitman's contention that the third sentence of § 7, providing that the statute "shall apply to a contract implied in fact or in law to pay reasonable compensation," somehow supports its unjust enrichment claim against Longview and Longview UK. [Dkt. 42, at 2.] The plain language of the third sentence prohibits Whitman from recovering against Longview or Longview UK on an implied contract theory. It does not support a claim for unjust enrichment where there is no written agreement for service as a broker or finder. See, e.g., State Tax Auditing & Research, Inc. v. Waters Corp., 11 Mass. L. Rptr. 560, No. 98-2594-B, 2000 WL 782948, at *3 (Mass. Super. Apr. 5, 2000) (dismissing unjust enrichment claim because "the plain language of G.L. c. 259, § 7 makes clear that not only must 'any agreement to pay compensation for services as a finder,' be in writing, but 'contract[s] implied in fact or in law to pay reasonable compensation,' i.e. . . . claims based on unjust enrichment or quantum meruit, are barred.") (citations omitted). Thus, the Court holds that the plain language of § 7 bars Whitman's unjust enrichment claim against Longview and Longview UK where there is no written agreement signed by those Defendants or by some other party authorized to bind them.

Second, Whitman argues that the recent decision of Judge Denise Casper in Licensed 2 Thrill, LLC v. Rakuten, Inc., No. Civ.A. 13-11257-DJC, 2014 WL 4656588 (D. Mass. Sept. 15,

2014), supports Whitman's position, that it is "exactly on all fours with the issue here," and that it is in fact "the only case that is directly on point . . . ." [Dkt. 42, at 5-6.] Relatedly, Whitman contends that the cases cited by the Defendants are not directly on point and are distinguishable. [Id.] Having carefully reviewed Licensed 2 Thrill and the cases cited by the Defendants, as well as the parties' arguments in the Partial Objection and Joint Response, the Court rejects this argument.

The Court agrees with Magistrate Judge Boal's reading of Licensed 2 Thrill—namely, that this case is "inapposite" because "the opinion did not discuss . . . the argument presented by Whitman: that the statute of frauds does not bar a finder's claim for compensation against defendants with whom the finder has no written agreement as long as some affiliate of those parties has a written agreement with the finder." [Dkt. 39, at 10.] In Licensed 2 Thrill, Defendant FreeCause, Inc. ("FreeCause") entered into an affiliate marketing agreement (the "RPP Agreement") with the Plaintiff, a finder within the meaning of § 7, one year before another Defendant, Rakuten USA, Inc. ("Rakuten USA"), acquired FreeCause. 2014 WL 4656588, at *1. The Plaintiff alleged that FreeCause failed to pay most of the commissions owed under the agreement and filed suit against FreeCause, Rakuten USA, and Rakuten USA's parent company. Id. Among other causes of action, the Plaintiff asserted claims for breach of contract and quantum meruit against FreeCause, and a claim for unjust enrichment against all three defendants. Id.

Two of the three defendants, FreeCause and Rakuten USA, moved to dismiss all counts asserted against them. Id. They argued that § 7 barred the contract-based claims of breach of contract and quantum meruit against FreeCause and unjust enrichment against both movants. Id. at *3. However, unlike in this case, their statute-of-frauds argument was not based on the

absence of a written agreement (Judge Casper noted that "[t]he parties do not dispute that the RPP Agreement is a valid and binding agreement"), or on an argument that Rakuten USA was not a proper party to the agreement. Id. Rather, the movants argued that § 7 barred the contract-based claims because those claims were based on an oral modification of the written agreement. Id. at *3-*4. Judge Casper disagreed, concluding that the plaintiff did "not sue[] FreeCause for its failure to abide by the terms of the contract's [oral] modification, but rather, for its alleged failure to comply with the terms of the RPP Agreement." Id. at *3. For this reason, Judge Casper denied the motion to dismiss the contract-based claims, including the claim for unjust enrichment. Id. at *4. As Magistrate Judge Boal correctly noted, the opinion does not address the question of whether the unjust enrichment claim could stand against the parties who did not sign the agreement in question. [Dkt. 39, at 10.] Therefore, Licensed 2 Thrill does not support Whitman's position.

The Court has also reviewed the cases cited by the Defendants and concludes that they generally support the proposition that a claim for unjust enrichment is barred by § 7 where there is no written agreement for service as a broker or finder that is signed by the party or parties charged with unjust enrichment (or by some other party authorized to bind them). See, e.g., FranCounsel Grp., LLC v. Dessange Int'l SA, 980 F. Supp. 2d 1, 5-6 (D. Mass. 2013) (dismissing unjust enrichment claim for compensation for broker or finder services under § 7 because there was "[a]t most . . . a contract implied in law or fact, and the statute expressly precludes equitable relief"); State Tax Auditing & Research 2000 WL 782948, at *3 (Mass. Super. Apr. 5, 2000) (discussed infra at 4).

### III.     Conclusion

For the above reasons, the Court ACCEPTS AND ADOPTS the Report and Recommendation on Defendants' Motions to Dismiss [Dkt. 39] in its entirety. Accordingly, Count VIII (unjust enrichment), Count IX (Chapter 93A), and Count X (civil conspiracy) of the Amended Complaint are dismissed. As no counts remain against Longview and Longview UK, those parties are dismissed from this action. The case shall proceed to discovery on Counts I through VII of the Amended Complaint, alleging breach of contract against Longview Guernsey. Longview Guernsey shall file its answer and any counterclaim to the Amended Complaint within 14 days of entry of this Order. Fed. R. Civ. P. 12(a)(4); Nat'l Cas. Co. v. OneBeacon Am. Ins. Co., No. CIV.A. 12-11874-DJC, 2013 WL 3335022, at *6 (D. Mass. July 1, 2013) aff'd sub nom. Employers Ins. Co. of Wausau v. OneBeacon Am. Ins. Co., 744 F.3d 25 (1st Cir. 2014) (citing Tingley Sys., Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 122 (D. Mass. 2001); 5B Charles Alan Wright et al., Federal Practice & Procedure § 1346 (3d ed. 2004)).

**SO ORDERED.**

Dated: July 20, 2015

                                              /s/ Allison D. Burroughs
                                              ALLISON D. BURROUGHS
                                              DISTRICT JUDGE