UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WHITMAN & COMPANY, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civ. No. 14-cv-12047-ADB |
| | * |
| LONGVIEW PARTNERS (GUERNSEY) LIMITED, | * |
| | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER

October 15, 2015

BURROUGHS, D.J.

Before the Court is Plaintiff/Counterclaim Defendant Whitman & Company, Inc.'s motion to dismiss the counterclaims of Defendant/Counterclaim Plaintiff Longview Partners (Gurnsey) Limited. For the foregoing reasons, the motion to dismiss is <u>DENIED</u>.

I. **Procedural History**

Whitman & Company, Inc. ("Whitman & Co.") initiated this action on May 7, 2014, seeking to recover commission payments allegedly due under its Exclusive Agency Agreement (the "Agreement") with Longview Partners (Guernsey) Limited ("Longview"). [ECF No. 1.] In its Amended Complaint [ECF No. 16], Whitman & Co. asserted a total of ten counts against various combinations of three defendants, Longview, Longview Partners LLP and Longview Partners (UK) Limited: Counts I through VII alleged breach of contract against Longview; Count VIII alleged unjust enrichment against Longview Partners LLP and Longview Partners (UK) Limited; Count IX alleged violations of the Massachusetts Consumer Protection Act, Mass. Gen.

Laws ch. 93A, § 11 against all three defendants; and Count X alleged civil conspiracy by all three defendants.

On July 20, 2015, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court dismissed all counts as against Longview Partners LLP and Longview Partners (UK) Limited. With regards to Longview, the Court dismissed Count IX (Chapter 93A), and Count X (civil conspiracy), but allowed Counts I through VII, alleging breach of contract, to proceed. [ECF No. 46.]

Following the Court's decision, Longview answered Whitman & Co.'s Amended Complaint and asserted two counterclaims against Whitman & Co.: Count I for money had and received and Count II for unjust enrichment. [ECF No. 47.] In its counterclaims, Longview alleges that Whitman & Co. has unjustly retained $2.1 million previously paid to it by Longview pursuant to their Agreement. On September 4, 2015, Whitman & Co. moved to dismiss both counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 50], and on October 2, 2015, Longview opposed the motion. [ECF No. 54.]

## II. Summary of Relevant Factual Allegations

Longview alleges the following facts, which the Court accepts as true for purposes of a motion to dismiss. On January 1, 2006, Longview entered into the Agreement with R. Eugene Whitman, under which Mr. Whitman agreed to act as marketing agent in connection with the solicitation of prospective investment advisory clients for Longview. [ECF No. 47 ("Counterclaim") ¶¶ 2-3.] Under the Agreement, Longview agreed to pay Mr. Whitman a non-refundable retainer of $100,000 per year and additional "Agency Fees" equal to a stipulated percentage of the "Management Fees" received by Longview from clients introduced to Longview by Mr. Whitman. Id. ¶¶ 4-5. Following Mr. Whitman's death in January 2007, the

Agreement was amended to substitute Whitman & Co. as the contracting party of the Agreement. Id. ¶¶ 32-33.

In 2007, following meetings set up by Mr. Whitman prior to his death, Longview entered into an Investment Management Agreement with the North Carolina Retirement System ("NCRS"). Id. ¶¶ 41-12. From 2007-2009, Longview performed portfolio management services for approximately $834 million of the NCRS's assets. Id. ¶ 43. In connection with the NCRS account, Longview paid Whitman & Co. $3.4 million in Agency Fees, which represented the stipulated percentage of the Management Fee paid by the NCRS to Longview. Id. ¶ 7.

In 2011, the North Carolina Department of Justice contacted Longview as part of an investigation into the historical use of third-party marketers, such as Whitman & Co., and on December 6, 2013, Longview agreed to refund $10 million of the Management Fees previously received from the NCRS. Id. ¶¶ 51-54. Longview asserts that because of this refund, Whitman & Co. should only retain a $1.3 million Agency Fee in connection with the NCRS account—the Agency Fee calculated using the post-refund Management Fee—as opposed to the $3.4 million Agency Fee it originally received. Longview's counterclaims for money had and received and unjust enrichment seek recovery of the $2.1 million difference retained by Whitman & Co.

## III. Discussion

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all well-pleaded facts in the light most favorable to the plaintiff (or non-moving party, in the case of a motion to dismiss a counterclaim), and draws all reasonable inferences from those facts in favor of the plaintiff (or non-moving party). United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011). Although detailed factual allegations are not required to survive a motion to

dismiss, "more than labels and conclusions" are required. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. Id. The facts alleged must "raise a right to relief above the speculative level." Id. The pleading must "nudge[ ][the] claims across the line from conceivable to plausible," or the claims will be dismissed. Id. at 570.

"Unjust enrichment is an equitable claim with the same elements [as money had and received] save that it is not limited to enrichment by money, or its equivalent." Jelmoli Holding, Inc. v. Raymond James Fin. Servs., 470 F.3d 14, 16, n.2 (1st Cir. 2006). Accordingly, Whitman & Co. argues that both counterclaims should be dismissed for the same reasons: (1) a contract governs the dispute and (2) the counterclaims fail to plausibly allege that Whitman & Co. has unjustly retained any funds. The Court rejects both arguments.

Although there is a contract between Longview and Whitman & Co., and neither party disputes its validity, the mere existence of a contract between two parties does not mandate that claims for unjust enrichment and money had and received be dismissed. See e.g., Lass v. Bank of Am., N.A., 695 F.3d 129, 140-41 (1st Cir. 2012) ("Although the Bank is correct that damages for breach of contract and unjust enrichment are mutually exclusive it is accepted practice to pursue both theories at the pleading stage . . ."); Szulik v. State St. Bank & Tr. Co., 935 F. Supp. 2d 240, 275 (D. Mass. 2013) ("Although the existence of a contractual relationship may ultimately bar the unjust enrichment claim, it does not warrant the dismissal of that claim at this point in the litigation."). This is especially true here, where the Agreement does not address the subject matter of the counterclaims, namely, what happens to Agency Fees paid based on Management Fees that are subsequently refunded. This is distinct from a case like Reed v. Zipcar, Inc., relied upon by Whitman & Co., in which the contract itself squarely addressed what should happen to

the funds at issue in the unjust enrichment and money had and received claims. 883 F. Supp. 2d 329, 334 (D. Mass. 2012) (dismissing unjust enrichment and money had and received claims seeking recovery of rental car late fees where "the late fees paid by [plaintiff] and others similarly situated were imposed pursuant to the express terms of an agreed-upon contract"), aff'd, 527 F. App'x 20 (1st Cir. 2013). Accordingly, the existence of the Agreement does not preclude the two counterclaims from proceeding beyond the pleading stage.

Further, Longview has alleged sufficient facts to state a plausible claim for unjust enrichment and money had and received. A claim for unjust enrichment requires three elements: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009) (citing Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts, § 68:5 (4th ed. 2003)). The elements of money had and money received are the same, except the benefit conferred must be money. Jelmoli Holding, Inc., 470 F.3d at 16, n.2.

Here, Longview alleges that it entered into a settlement with North Carolina following "an investigation into the historical use of third-party marketers, or placement agents, such as Gene Whitman and Whitman & Co." Counterclaims ¶¶ 51-54. As part of this settlement, Longview refunded certain Management Fees previously factored into its payments to Whitman & Co. As a result, Whitman & Co. received and now holds Management Fees based on fees that Longview itself did not retain. Accepting these facts as true for purposes of this motion, Whitman & Co. has received a benefit (the retained $2.1 million Agency Fee), it is aware of the benefit, and the circumstances for retaining the benefit, as described by Longview, are plausibly

inequitable. Thus, Longview has alleged sufficient facts to defeat a motion to dismiss its unjust enrichment and money had and received counterclaims.

## IV. Conclusion

For the above reasons, Whitman & Co.'s motion to dismiss Longview's counterclaims [ECF No. 50] is DENIED.

**SO ORDERDED.**

Dated: October 15, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE