# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WHITMAN & COMPANY, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>LONGVIEW PARTNERS (GUERNSEY) LIMITED ,<br><br>    Defendant. | C.A. No. 1:14-cv-12047-ADB |

## REPLY TO COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Whitman & Company, Inc. ("Whitman"), responds to the allegations to the Counterclaims of Longview Partners (Guernsey) Limited ("Longview"). Except as expressly admitted herein, each and every allegation in the Counterclaim is denied.

## INTRODUCTION

1. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies them.

2. Whitman admits that Gene Whitman entered into an Agreement dated January 1, 2006, which was amended following Gene Whitman's death to substitute Whitman. Whitman is without knowledge sufficient to form a belief and therefore denies the remaining allegations contained in Paragraph 2.

3. Whitman states the Agreement speaks for itself. To the extent a response may be required, Whitman admits that the allegations contained in Paragraph 3 describe some, but not all, aspects of the Agency Services.

4. Whitman states the Agreement speaks for itself. To the extent a response may be required, Whitman denies the allegations contained in Paragraph 4.

5. Whitman states the Agreement speaks for itself. To the extent a response may be required, Whitman denies the allegations contained in Paragraph 5.

6. Whitman denies the allegations contained in Paragraph 6, except admits, on information and belief, that Longview and NCRS entered into an Advisory Services Agreement in 2007.

7. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and fourth sentences of Paragraph 7, and therefore denies them. Whitman denies the remaining allegations contained in Paragraph 7.

8. Whitman denies the allegations contained in Paragraph 8.

9. Whitman denies the allegations contained in Paragraph 9.

## PARTIES

10. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Whitman denies the allegations regarding its business address, and otherwise admits the allegations contained in Paragraph 11.

## JURISDICTION AND VENUE

12. Paragraph 12 state legal conclusions to which no response is required.

13. Paragraph 13 states a legal conclusion to which no response is required.

14. Paragraph 14 states a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

### A. The Agreement

15. Whitman is without direct knowledge or information sufficient to form an answer to the allegations contained in Paragraph 15, but on information and belief, states that it believes Longview is the parent company (through Longview Partners (UK) Limited) of Longview Partners, LLP, which is the actual asset manager (the "Manager"), and that Longview is the back office operation of the Manager.

16. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies them.

17. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies them.

18. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies them.

19. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies them.

20. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Whitman denies the allegations contained in Paragraph 21, except admits that in October 2005 both Chip Whitman and Gene Whitman met with Longview about Gene Whitman potentially serving as a third-party marketer for Longview.

22. Whitman admits the allegations contained in Paragraph 22.

23. Whitman denies the allegations contained in Paragraph 23.

24. Whitman denies the allegations contained in Paragraph 24.

25. Whitman admits the allegations contained in Paragraph 25.

26. Whitman states the Agreement speaks for itself. To the extent a response may be required, Whitman denies the allegations contained in Paragraph 26.

27. Whitman states the Agreement speaks for itself. To the extent a response may be required, Whitman denies the allegations contained in Paragraph 27.

28. Whitman states the Agreement speaks for itself. To the extent a response may be required, Whitman denies the allegations contained in Paragraph 28.

29. Whitman states the Agreement speaks for itself. To the extent a response may be required, Whitman denies the allegations contained in Paragraph 29.

30. Whitman denies the allegations contained in Paragraph 30.

31. Whitman denies the allegations contained in Paragraph 31, except admits that Whitman explored opportunities to serve as a third-party marketer for other investment managers, and that Gene Whitman did not enter into any agreements to serve as a third-party marketer other than the Agreement with Longview.

**B.** **After Gene Whitman's Death, Chip Whitman Assumes Control of Whitman**

32. Whitman admits the allegations contained in Paragraph 32.

33. Whitman admits the allegations contained in Paragraph 33.

34. Whitman denies the allegations contained in Paragraph 34.

35. Whitman denies the allegations contained in Paragraph 35, except admits that during the time Chip Whitman worked at GE, he did not work as a third-party marketer.

36. Whitman denies the allegations contained in Paragraph 36.

37. Whitman denies the allegations contained in Paragraph 37.

38. Whitman admits the allegations contained in Paragraph 38.

### C. Longview Guernsey Pursues and Secures Investment from NCRS

39. Whitman denies the allegations contained in Paragraph 39, except admits that the initial arrangement between Whitman and Howard Street Partners entitled Howard Street Partners to 30% of the Agency Fees received by Whitman.

40. Whitman is without direct knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. Whitman denies the allegations contained in Paragraph 41, except admits that both Gene Whitman and Chip Whitman, with the help of Howard Street Partners, arranged numerous meetings between Longview and representatives of NCRS and the NC Department of State Treasurer.

42. Whitman is without direct knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, but admits, on information and belief, that the agreement between Longview and officials of North Carolina was entered into in 2007.

43. Whitman is without direct knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore denies them. Whitman admits that Longview paid Whitman a portion of the Agency Fees owed in connection with NCRS.

### D. The Agreement Terminates

44. Whitman states the Agreement speaks for itself. To the extent a response may be required, Whitman denies the allegations contained in Paragraph 44.

45. Whitman states the Agreement speaks for itself. To the extent a response may be required, Whitman denies the allegations contained in Paragraph 45.

46. Whitman states the Agreement speaks for itself. To the extent a response may be required, Whitman denies the allegations contained in Paragraph 46.

47. Whitman admits the allegations contained in Paragraph 47.

48. Whitman admits the allegations contained in Paragraph 48.

49. Whitman admits the allegations contained in Paragraph 49.

50. Whitman denies the allegations contained in Paragraph 50, except admits that some Agency Fees were paid only through the second quarter of 2013.

**E. Longview Guernsey Enters Into an Agreement with NCRS to Refund Management Fees**

51. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and therefore denies them.

52. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and therefore denies them.

53. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and therefore denies them.

54. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and therefore denies them.

55. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and therefore denies them.

56. Whitman denies the allegations contained in Paragraph 56.

57. Whitman denies the allegations contained in Paragraph 57.

## COUNT I

### MONEY HAD AND RECEIVED

58. Whitman incorporates its answers to Paragraphs 1 through 57 of the Counterclaims as if fully set forth herein..

59. Whitman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and therefore denies them.

60. Whitman denies the allegations contained in Paragraph 60.

61. Whitman denies the allegations contained in Paragraph 61.

62. Whitman denies the allegations contained in Paragraph 62.

63. Whitman denies the allegations contained in Paragraph 63, except admits that Longview has never made any demand, or even any suggestion, that Agency Fee amounts should be returned, and was unaware of any purported basis to request any "refund" until it received a copy of Longview's counterclaims.

## COUNT II

### UNJUST ENRICHMENT

64. Whitman incorporates its answers to Paragraphs 1 through 63 of the Counterclaims as if fully set forth herein..

65. Whitman denies the allegations contained in Paragraph 65.

66. Whitman denies the allegations contained in Paragraph 66.

67. Whitman denies the allegations contained in Paragraph 67, except admits that Longview has never made any demand, or even any suggestion, that Agency Fee amounts should be returned, and was unaware of any purported basis to request any "refund" until it received a copy of Longview's counterclaims.

68. Whitman denies the allegations contained in Paragraph 68.

69. Whitman denies the allegations contained in Paragraph 69.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Longview's counterclaims fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Longview's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Longview's delay in commencing suit is unjustifiable and has resulted in prejudice to Whitman such that the doctrine of laches bars its claims.

### FOURTH AFFIRMATIVE DEFENSE

Longview's claims are barred to the extent they were brought after the applicable statute of limitations.

### FIFTH AFFIRMATIVE. DEFENSE

If Longview has settled or should settle for any of its alleged damages with any parties, then Whitman is entitled to a credit for said settlement.

### SIXTH AFFIRMATIVE DEFENSE

If Longview suffered any damages, which are denied, then those damages were caused by a person or persons for whose actions Whitman cannot be held liable.

### SEVENTH AFFIRMATIVE DEFENSE

Longview's claims are barred by the voluntary payment doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Longview's claims are barred by the doctrines of waiver and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

If Longview sustained any damages as alleged in the counterclaims, which Whitman denies, such damages, if any, must be dismissed or reduced due to the Longview's failure to avoid or mitigate them.

## TENTH AFFIRMATIVE DEFENSE

Longview's claims are barred, in whole or in part, by the existence and terms of the Agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

Longview's claims are barred, in whole or in part, on the grounds that Whitman has fully performed under the Agreement.

## TWELFTH AFFIRMATIVE DEFENSE

Longview's claims are barred, in whole or part, by setoff or recoupment, because the amount owed by Longview to Whitman exceeds by several fold the amount Longview claims is owed by Whitman.

## THIRTEENTH AFFIRMATIVE DEFENSE

Longview's claims are barred, in whole or in part, by its own unfair and deceptive acts and/or other tortious or unlawful conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Longview's claims are barred, in whole or in part, under the doctrine of illegality.

## FIFTEENTH AFFIRMATIVE DEFENSE

Longview's claims are barred by unjust enrichment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Whitman gives notice that it intends to rely upon such other and further defenses as may become available during its continuing investigation of Longview's allegations and the discovery proceedings in this case, and hereby reserves its right to amend its Reply to assert such defenses.

Dated: October 29, 2015

Respectfully submitted,

/s/ *Anne V. Dunne*
William L. Prickett (BBO# 555341)
Anne V. Dunne (BBO# 681893)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

Counsel for Whitman & Company, Inc.

## CERTIFICATE OF SERVICE

I, Anne V. Dunne, hereby certify that the above document was served upon the following counsel electronically, by ECF, this 29th day of October, 2015:

Patrick J. O'Toole, Jr., Esq.
WEIL, GOTSHAL & MANGES LLP
Weil, Gotshal & Manges LLP
100 Federal Street
Boston, MA 02110
(617) 772-8300

/s/ *Anne V. Dunne*
Anne V. Dunne